UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

ISREAL LOUIS GOODIN,

    Petitioner,

v.

Case No. 2:09-cv-280
HON. R. ALLAN EDGAR

GREG MCQUIGGIN,

    Respondent.

_____/

## REPORT AND RECOMMENDATION

Petitioner Isreal Louis Goodin filed a petition for a writ of habeas corpus challenging his conviction after pleading guilty to home invasion and assault with intent to murder. Petitioner is claiming that his plea was involuntary and that he received ineffective assistance of counsel. Petitioner has filed a motion for injunctive relief, seeking an order of this Court prohibiting reprisals against him, ordering a full criminal investigation, requiring the MDOC to secure petitioner's criminal file, ordering that petitioner and prisoner Hebestred be allowed to work together on this petition, and requesting a declaratory ruling that petitioner's constitutional rights were violated.

Petitioner claims that he is being treated for mental health issues and needs assistance from a jailhouse lawyer to pursue this petition. Apparently, petitioner was receiving help from prisoner Hebestred. Petitioner claims that MDOC officers have prohibited prisoner Hebestred's involvement in litigation activities and petitioner would like this issue corrected so that he can receive legal help from prisoner Hebestred. Petitioner claims that prisoner Hebestred has filed numerous grievances to be allowed to help other prisoners litigate claims, but his efforts have been

unsuccessful. Petitioner is seeking an order requiring the respondent to allow prisoner Hebestred to help petitioner and apparently other prisoners in litigation activities.

I have reviewed petitioner's request for injunctive relief and conclude that the request lacks merit on the grounds presented as it fails to establish a substantial likelihood of success on the merits and does not establish that petitioner will suffer irreparable harm if the requested relief is not granted. Therefore, I recommend that petitioner's request for a temporary restraining order be denied.

The issuance of preliminary injunctive relief is committed to the discretion of the district court. *Planned Parenthood Association v. City of Cincinnati*, 822 F.2d 1390, 1393 (6th Cir. 1987). In exercising that discretion, the court must consider and balance four factors:

> 1. Whether the movant has shown a strong or substantial likelihood or probability of success on the merits.
>
> 2. Whether the movant has shown irreparable injury.
>
> 3. Whether the preliminary injunction could harm third parties.
>
> 4. Whether the public interest would be served by issuing a preliminary injunction.

*Washington v. Reno*, 35 F.3d 1093 (6th Cir. 1994). These factors are not prerequisites to the grant or denial of injunctive relief, but factors that must be carefully balanced by the district court in exercising its equitable powers. *Id.*

Moreover, where a prison inmate seeks an order enjoining state prison officials, this Court is required to proceed with the utmost care and must recognize the unique nature of the prison setting. *See Kendrick v. Bland*, 740 F.2d 432 at 438, n.3, (6th Cir. 1984). *See also Harris v. Wilters*, 596 F.2d 678 (5th Cir. 1979). It has also been remarked that a party seeking injunctive relief bears a heavy burden of establishing that the extraordinary and drastic remedy sought is appropriate under

the circumstances.  *See Checker Motors Corp. v. Chrysler Corp.*, 405 F.2d 319 (2d Cir. 1969), *cert. denied*, 394 U.S. 999 (1969).  *See also O'Lone v. Estate of Shabazz*, 482 U.S. 342 (1986).

Petitioner's "initial burden" in demonstrating entitlement to preliminary injunctive relief is a showing of a strong or substantial likelihood of success on the merits of his Section 1983 action.  *NAACP v. City of Mansfield, Ohio*, 866 F.2d 162, 167 (6th Cir. 1989).  A review of the materials of record fails to establish a substantial likelihood of success with respect to petitioner's claim that the respondent has violated his federal rights.  Petitioner has failed to show a likelihood of success on the merit of his petition.  Moreover, petitioner has no right to receive help from a particular prisoner in pursuing this habeas action.  Petitioner has already filed his petition.  There is nothing more that he needs to do in this case.  Respondent will file the underlying state court records and respond to the petition.  The court will make a determination based upon the petition, the response and the underlying court record. Furthermore, petitioner has failed to establish that he will suffer irreparable harm absent injunctive relief.

Finally, in the context of a motion impacting on matters of prison administration, the interests of identifiable third parties and the public at large weigh against the granting of an injunction.  Any interference by the federal courts in the administration of state prison matters is necessarily disruptive.  The public welfare therefore militates against the issuance of extraordinary relief in the prison context, absent a sufficient showing of a violation of constitutional rights.  *See Glover v. Johnson*, 855 F.2d 277, 286-87 (6th Cir. 1988).  That showing has not been made here.

Because petitioner has failed to meet the heavy burden establishing the need for injunctive relief, I recommend that petitioner's motion for a temporary restraining order (Docket #11) be denied.

NOTICE TO PARTIES:  Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within 14 days of your receipt of this Report and Recommendation.  28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR. 72.3(b).  Failure to file timely objections constitutes a waiver of any further right to appeal those issues or claims addressed or resolved as a result of the Report and Recommendation.  *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also Thomas v. Arn*, 474 U.S. 140 (1985).

    /s/ Timothy P. Greeley
TIMOTHY P. GREELEY
UNITED STATES MAGISTRATE JUDGE

Dated:   November 3, 2010