UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION


ISRAEL LOUIS GOODIN,

        Petitioner,

v.                                       Case No. 2:09-cv-280
                                       HON. R. ALLAN EDGAR

GREG MCQUIGGIN,

        Respondent.

_____/


## REPORT AND RECOMMENDATION

Petitioner Israel Louis Goodin filed this petition for writ of habeas corpus challenging his prison sentence of fourteen years for home invasion (MCL 750.110a(2)), three months to thirty years for assault with intent to murder (MCL 750.83), and two years for felony firearm (MCL 227b). The respondent has filed an answer and has complied with Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts.  The parties have briefed the issues and the matter is now ready for decision.

Petitioner raises the following claim:

I.  The trial court abused its discretion and violated Mr. Goodin's State and Federal Constitutional rights to due process by denying his motion to withdraw his plea where he received ineffective assistance of counsel and where his plea was unknowing and unintelligent and therefore involuntary.

In April of 1996, the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) became effective.  Because this petition was filed after the effective date of the AEDPA, this Court must follow the standard of review established in that statute.  Pursuant to the AEDPA,

an application for writ of habeas corpus on behalf of a person who is incarcerated pursuant to a state conviction cannot be granted with respect to any claim that was adjudicated on the merits in state court unless the adjudication:  "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding."  28 U.S.C. § 2254(d).

        The AEDPA limits the source of law to cases decided by the United States Supreme Court.  28 U.S.C. § 2254(d).  This provision marks a "significant change" and prevents the district court from looking to lower federal court decisions in determining whether the state decision is contrary to, or an unreasonable application of, clearly established federal law.  *Herbert v. Billy*, 160 F.3d 1131, 1134 (6th Cir. 1998).  To justify a grant of habeas corpus relief under this provision of the AEDPA, a federal court must find a violation of law "clearly established" by holdings of the Supreme Court, as opposed to its dicta, as of the time of the relevant state court decision.  *Williams v. Taylor*, 529 U.S. 362, 412 (2000).  Recently, the Supreme Court held that a decision of the state court is "contrary to" such clearly established federal law "if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts."  *Id.*  A state court decision will be deemed an "unreasonable application" of clearly established federal law "if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case."  *Id.*  A federal habeas court may not find a state adjudication to be "unreasonable" "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously

or incorrectly." *Id.* at 412. Rather, the application must also be "unreasonable." *Id.* Further, the habeas court should not transform the inquiry into a subjective one by inquiring whether all reasonable jurists would agree that the application by the state court was unreasonable. *Id.* at 410 (disavowing *Drinkard v. Johnson*, 97 F.3d 751, 769 (5th Cir. 1996)). Rather, the issue is whether the state court's application of clearly established federal law is "objectively unreasonable." *Williams*, 529 U.S. at 409.

The AEDPA requires heightened respect for state factual findings. *Herbert v. Billy,* 160 F.3d 1131, 1134 (6th Cir. 1998). The habeas corpus statute has long provided that the factual findings of the state courts, made after a hearing, are entitled to a presumption of correctness. This presumption has always been accorded to findings of state appellate courts, as well as the trial court. *See Sumner v. Mata*, 449 U.S. 539, 546 (1981); *Smith v. Jago*, 888 F.2d 399, 407 n.4 (6th Cir. 1989), *cert. denied*, 495 U.S. 961 (1990). Under the AEDPA, a determination of a factual issue made by a state court is presumed to be correct. The petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *see also Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998), *cert. denied*, 527 U.S. 1040 (1999).

Petitioner asserts that the trial court violated his constitutional rights to due process by denying his motion to withdraw his guilty plea. Petitioner claims that his plea was unknowing and unintelligently given due to the ineffective assistance of counsel. The constitutional validity of a guilty plea entered in the state courts is to be judged under the due-process standard set forth by the United States Supreme Court in *Boykin v. Alabama*, 395 U.S. 238 (1969). Under *Boykin*, a guilty plea must be knowing and voluntary in order to withstand scrutiny under the Due Process Clause. A criminal defendant enters a guilty plea knowingly when he understands the nature of the charge

3

and the "direct consequences" of his guilty plea. *See Brady v. United States*, 397 U.S. 742, 748 (1970). In general, a defendant is aware of the direct consequences of the plea if he or she is aware of the maximum and minimum (if any) sentence that may be imposed. *See King v. Dutton*, 17 F.3d 151, 153-54 (6th Cir.), *cert. denied*, 504 U.S. 1222 (1994); *Hart v. Marion Corr. Inst.*, 927 F.2d 256, 259 (6th Cir.), *cert. denied*, 502 U.S. 816 (1991).

When a state prisoner brings a federal habeas petition challenging the voluntariness of his plea, the state generally satisfies its burden of showing a voluntary and intelligent plea by producing a transcript of the state-court proceeding. *Garcia v. Johnson*, 991 F.2d 324, 326 (6th Cir. 1993). Where the transcript is adequate to show that the plea was voluntary and intelligent, a presumption of correctness attaches to the state court findings of fact and to the judgment itself. *Id.* A satisfactory state-court transcript, containing findings after a proper plea colloquy, places upon petitioner a "heavy burden" to overturn the state findings. *Id.* at 328; *see Parke v. Raley*, 113 S. Ct. 517, 523 (1992). In the present case, after a thorough interrogation of petitioner, the state judge found that petitioner's plea of guilty was entered knowingly and voluntarily:

> THE COURT: Your attorney, Mr. Robinson, indicates you wish to enter a plea of guilty to Count 1, a charge commonly known as home invasion in the first degree. Did you hear him say that?
>
> THE DEFENDANT: Yes, I did.
>
> THE COURT: What is your plea?
>
> THE DEFENDANT: I plead guilty.
>
> THE COURT: He also indicates that you wish to enter a plea of guilty to Count 2, a charge commonly known as assault with intent to murder. Did you hear him say that?
>
> THE DEFENDANT: Yes.

4

> THE COURT:  What is your plea?
>
> THE DEFENDANT:  Guilty.
>
> THE COURT:  He also indicates that you wish to enter a plea of guilty to Count 3, a charge commonly known as felony firearm.  Did you hear him say that?
>
> THE DEFENDANT:  Yes.
>
> THE COURT:  What is your plea?
>
> THE DEFENDANT:  Guilty.
>
> THE COURT:  And, I presume that you and Mr. Robinson have discussed all of these counts and he's explained to you the elements of each of these offenses?
>
> THE DEFENDANT:  Correct.

(Docket #20, pages 6-7.)  The trial court informed Petitioner of the sentencing ramifications of his

plea  as well as the fact that Petitioner would be giving up all of the rights he would have at trial.

(Docket #20, pages 8-9.)  The trial court made it clear to Petitioner that it was not making any

promises or commitments to go below the sentencing guidelines by him entering a guilty plea.

(Docket #20, page 13.)  The trial court went on to state:

> THE COURT:  Has anybody promised you anything, Mr. Goodin, beyond the plea agreement and the *Cobbs* hearing to get you to plead guilty?
>
> THE DEFENDANT:  No.
>
> THE COURT:  Anybody threaten you to get you to plead?
>
> THE DEFENDANT:  No.
>
> THE COURT:  Are you pleading guilty of your own free will?
>
> THE DEFENDANT:  Yes.

> THE COURT:  Are you pleading guilty because you believe yourself
> to be guilty?
>
> THE DEFENDANT:  Yes.
>
> * * *
>
> THE COURT:   Satisfied the plea of guilty is understanding,
> voluntary, and accurate.  Will accept the pleas.

(Docket #20, pages 13, 16.)   The trial court found that Petitioner's plea was voluntary and intelligently given.  The trial court's finding did not result in a "decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding."

Petitioner claims that his plea was unknowing and unintelligently given due to ineffective assistance of counsel. To prevail on an ineffective assistance of counsel claim, a convicted defendant must demonstrate (1) that counsel's errors were so serious that counsel was not functioning as counsel guaranteed by the Sixth Amendment, and (2) that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  *Strickland v. Washington*, 466 U.S. 668, 688-96 (1984).  Stated another way, this court is to decide whether petitioner's trial counsel's alleged failures were such egregious errors as to constitute ineffectiveness and whether the alleged failures were materially prejudicial.  The Sixth Circuit has explained:

> The question for reviewing courts is whether counsel's errors have
> likely undermined the reliability of, and confidence in, the result.
> *Lockhart v. Fretwell*, 113 S.Ct. 838, 842-43 (1993).  "An error by
> counsel, even if professionally unreasonable, does not warrant setting
> aside the judgment of a criminal proceeding if the error had no effect
> on the [ultimate] judgment."  *Strickland*, 466 U.S. at 691, *quoted in
> Smith v. Jago*, 888 F.2d 399, 404-05 (6th Cir. 1989), *cert. denied*, 495

6

U.S. 961 (1990).  In evaluating petitioner's claim, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance."  *Id.* at 689. "Counsel is constitutionally ineffective only if performance below professional standards caused the defendant to lose what he otherwise would probably have won."  *United States v. Morrow*, 977 F.2d 222, 229 (6th Cir. 1992) (*en banc), cert. denied*, 113 S. Ct. 2969 (1993). Thus, the determinative issue is not whether petitioner's counsel was ineffective but whether he was so thoroughly ineffective that defeat was "snatched from the jaws of victory."  *See id.*

*West v. Seabold*, 73 F.3d 81, 84 (6th Cir. 1996).

The United States Supreme Court has found that a defendant has the "ultimate authority" to determine "whether to plead guilty, waive a jury, testify in his or her own behalf, or take an appeal."  The Court stated:

A guilty plea we recognized in *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2.d 274 (1969), is an event of significance in a criminal proceeding.  By entering a guilty plea, a defendant waives constitutional rights that inhere in a criminal trial, including the right to trial by jury, the protection against self incrimination, and the right to confront one's accusers. *Id.,* at 243 S. Ct. 1709. While guilty pleas may be tactically advantageous for the defendant, *id.,* at 240, 89 S. Ct. 1709, the plea is not simply a strategic choice; it is "itself a conviction," *id.,* at 242, 89 S. Ct. 1709, and the high stakes for the defendant require "the utmost solicitude,"*id.,* at 243, 89 S. Ct. 1709. Accordingly, counsel lacks authority to consent to a guilty plea on a client's behalf, *Brookhart v. Janis*, 384 U.S. 1, 6-7, 86 S.Ct. 1245, 16 L.Ed.2d 314 (1966).

*Florida v. Nixon*, 543 U.S. 175, 187 (2004).

It is clear from the record that Petitioner understood the nature of the charges against him and that he made a knowing and voluntary plea.  Trial counsel explained the rights Petitioner would be giving up and explained to him the sentencing ramifications that existed as a result of pleading guilty.  The state trial court found that Petitioner's plea was voluntarily and intelligently given.  Trial counsel cannot be ineffective for Petitioner pleading guilty as the United States

7

Supreme Court has found that the decision to plead guilty can only rest with the defendant. Accordingly, Petitioner's ineffective assistance of counsel claim must fail.

In summary, the undersigned concludes that Petitioner's claims are without merit and therefore recommends that this Court dismiss the petition with prejudice.

In addition, if Petitioner should choose to appeal this action, I recommend that a certificate of appealability be denied as to each issue raised by the Petitioner in this application for habeas corpus relief.  Under 28 U.S.C. § 2253(c)(2), the court must determine whether a certificate of appealability should be granted.  A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right."  28 U.S.C. § 2253(c)(2).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability.  *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001).  Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted.  *Id.*  Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000).  *Murphy*, 263 F.3d at 467.  Consequently, the undersigned has examined each of Petitioner's claims under the *Slack* standard.

Under *Slack*, 529 U.S. at 484, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  The undersigned concludes that reasonable jurists could not find that a dismissal of each of Petitioner's claims was debatable or wrong.  Therefore, the undersigned recommends that the court deny Petitioner a certificate of appealability.

NOTICE TO PARTIES:  Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within fourteen (14) days of receipt

of this Report and Recommendation.  28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich.

LCivR 72.3(b).  Failure to file timely objections constitutes a waiver of any further right to appeal.

*United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also Thomas v. Arn*, 474 U.S. 140

(1985).


                                                     /s/ Timothy P. Greeley
                                                    TIMOTHY P. GREELEY
                                                    UNITED STATES MAGISTRATE JUDGE

Dated:   August 29, 2011